# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Ricky A. S., | Case No. 25-cv-01146 (ECW) |
| Plaintiff, | |
| v. | **ORDER** |
| Lynn Marten and Frank Bisignano,[1] | |
| Defendants. | |

This action comes before the Court on Plaintiff Ricky A. S.'s "Motion to Amend Social Security Case No: 1:14-cv-141" received by the Clerk's Office on March 27, 2025 ("First Motion to Amend") (Dkt. 4),[2] his "Motion to Amend and Re-Open Social Security Case No: 1:14-CV-141" dated May 10, 2025 ("Second Motion to Amend") (Dkt. 5), "Motion to Amend and Re-Open Social Security Case No: 1:14-CV-141" dated May 19,

---

[1] The Second Amended Complaint named Leland Dudek, who was the Commissioner of the Social Security Administration at the initiation of this action. (*See* Dkt. 10-1.) Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano should be substituted for Martin O'Malley as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] While Plaintiff's First Motion to Amend is captioned "Motion to Amend Social Security Case No. 1:14-cv-141" (a case pending in the U.S. District Court for the District of North Dakota), suggesting he is seeking to amend a separate action, other language in the caption ("In the United States District Court District of Minnesota") and in the body of his Motion support the conclusion that Plaintiff sought to amend his original Complaint in this action (Dkt. 1). As such, the Court treats Plaintiff's "Motion to Amend Social Security Case No. 1:14-cv-141" as a Motion to Amend his Complaint.

2025 ("Third Motion to Amend") (Dkt. 10) (collectively, "Motions to Amend"), and Defendants Lynn Marten and Frank Bisignano's "Request for Extension of Time to Answer" ("Request for Extension") (Dkt. 13). The Court addresses the Motions to Amend and Request for Extension below.

## I.    MOTIONS TO AMEND

The Court first considers Plaintiff's Motions to Amend to determine the operative pleading in this case. Federal Rule of Civil Procedure 15 governs the amendment of pleadings and states in relevant part:

(a) Amendments Before Trial.

>   (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course no later than:

>>   (A) 21 days after serving it, or

>>   (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

>   (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a). Federal Rule of Civil Procedure 11 further requires that an amended pleading or motion, should the party be proceeding pro se, be signed by the filing party. Fed. R. Civ. P. 11(a). The District of Minnesota Local Rules add an additional requirement. Specifically, Local Rule 15.1(a) demands that any amended

pleading "be complete in itself and must not incorporate by reference any prior pleading." D. Minn. LR 15.1(a).

Plaintiff filed his First Motion to Amend on March 27, 2025, the same day he filed the Complaint that initiated this action.  (Dkt. 4.)  While Plaintiff, at the time of the First Motion to Amend's filing, had the right to amend his Complaint as a matter of course, *see* Fed. R. Civ. P. 15(a)(1), his First Motion to Amend must be denied for violations of the Federal Rules of Civil Procedure and the Local Rules.  First, the First Motion to Amend lacks a signature.  Whether treated as amended pleading or a motion, Federal Rule of Civil Procedure 11 requires Plaintiff to sign his filings, and his failure to do so requires denial.  *See Jackson v. MN Dep't of Hum. Servs.*, No. 20-CV-0749 (ECT/TNL), 2020 WL 14018012, at *1 (D. Minn. Apr. 7, 2020) (notifying a pro se party of the court's intention to strike her complaint for failure to include a signature as required by Rule 11(a) if she did not file an updated, compliant pleading).  Second, neither the First Motion to Amend and nor the proposed amended complaint is "complete in itself" as required by Local Rule 15.1(a).  Instead, Plaintiff's submission only revises his original "Statement of the Case (Facts)" and "Conclusion."  (Dkt. 4 at 2-3.)  This is also sufficient to deny the First Motion to Amend.  *See Abdikarim v. Fitzgibbons*, No. 24-CV-2012 (KMM/ECW) ("Because Abdikarim's motion to amend is not accompanied by an amended complaint—much less an amended complaint that is 'complete in itself'—the motion to amend should be denied.") (citing D. Minn. LR 15.1(a)) (citation omitted),

2024 WL 5159263, at *3 (D. Minn. Nov. 5, 2024), *R. & R. adopted*, 2024 WL 5158479 (D. Minn. Dec. 18, 2024).  The First Motion to Amend is denied.[3]

The Court received Plaintiff's Second Motion to Amend on May 19, 2025.  (*See* Dkts. 5, 5-1, 5-2.)  Then, on May 27, 2025, the Court received Plaintiff's Third Motion to Amend.  (*See* Dkts. 10, 10-1.)  Federal Rule of Civil Procedure 15(a)(2) directs a court to "freely give leave [to amend] when justice so requires."  The determination as to whether to grant leave to amend is entrusted to the sound discretion of the trial court.  *See, e.g.*, *Niagara of Wisc. Paper Corp. v. Paper Indus. Union Mgmt. Pension Fund*, 800 F.2d 742, 749 (8th Cir. 1986) (citation omitted).  The Eighth Circuit has held that although amendment of a pleading "should be allowed liberally to ensure that a case is decided on its merits . . . there is no absolute right to amend."  *Ferguson v. Cape Girardeau Cnty.*, 88 F.3d 647, 650-51 (8th Cir. 1996) (citing *Thompson-El v. Jones*, 876 F.2d 66, 67 (8th Cir. 1989); *Chesnut v. St. Louis Cnty.*, 656 F.2d 343, 349 (8th Cir. 1981)).  Denial of leave to amend may be justified only by "undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party."  *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Based on the record, the Court finds no undue delay or bad faith by Plaintiff in seeking to amend in his Third Motion to Amend.  Given that Defendants have not yet

---

[3]    While Plaintiff did not need to file a motion to amend on March 27, 2025, as Rule 15 gave him the right to amend as a matter of course, *see* Fed. R. Civ. P. 15(a)(1)(A), he did not file an amended complaint that was a complete document, rendering any such amendment improper.

filed an answer or the Certified Administrative Record, they are not unduly prejudiced by the amendment. As to futility, at this early stage and under the circumstances of this case, that question is better addressed in the context of a Rule 12(b)(6) motion, if Defendants believe one is appropriate. The Court therefore grants the Third Motion to Amend insofar as the Court accepts the proposed Second Amended Complaint and otherwise denies the Third Motion to Amend. The proposed Second Amended Complaint at Docket Entry 10-1 shall be the operative Complaint in this case. Because the Court grants the Third Motion to Amend, the Second Motion to Amend is denied as moot.

## II.    DEVELOPMENTS AND FURTHER DIRECTION

As for the merits of this action, Plaintiff seeks reinstatement and repayment of Social Security benefits that were deemed overpayments due an alleged mistake caused by his admission to North Dakota's (and then Minnesota's) sex offender program. (Dkt. 10-1.) Through his various filings in this case, Plaintiff details that his injury stems, as relevant here, from two separate legal proceedings.

The first proceeding is a 2014 action in the U.S. District Court for the District of North Dakota, *Ricky A. S. v. Astrue*, No. 14-cv-00141 (CRH) (D.N.D.) ("North Dakota action"),[4] where Plaintiff challenged attempts by the Social Security Administration

---

[4]    The Court may take judicial notice of the North Dakota action docket as public court records. *See, e.g.*, *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (citing *United States v. Eagleboy*, 200 F.3d 1137, 1140 (8th Cir. 1999)); *Smith v. Gordon*, No. 24-CV-2714 (JMB/SGE), 2024 WL 4444731, at *1 (D. Minn. Oct. 8, 2024) (citing cases), *R. & R. adopted*, 2024 WL 4870383 (D. Minn. Nov. 22, 2024).

("SSA") suspend his benefits and collect overpayments stemming from his commitment to the North Dakota Sex Offender Program. *See Ricky A. S. v. Astrue*, No. 14-cv-00141 (CRH) (D.N.D), Dkt. 12 at 2 (Dec. 15, 2014) (discussing Plaintiff's claims). Early in the North Dakota action, the court remanded it back to the SSA "for further administrative action" pursuant to 42 U.S.C. § 405(g). *Id.*, Dkt. 28 at 1 (Apr. 14, 2015). The docket remained inactive for nearly ten years until Plaintiff moved to reopen the case in January 2025. *Id.*, Dkt. 33 (Jan. 14, 2025). The North Dakota court denied reopening later in January 2025. *Id.*, Dkt. 34 (Jan. 17, 2025). In the instant case, Plaintiff seeks to reopen the North Dakota action. (*See, e.g.*, Dkt. 10 ¶ 1.) However, since Plaintiff filed his Third Motion to Amend, there has been further activity in the North Dakota action. Specifically, on May 30, 2025, the SSA moved to reopen the North Dakota action, *id.*, Dkt. 36 (May 30, 2025), and the North Dakota court granted that motion, *id.*, Dkt. 39 (June 23, 2025).

The second proceeding is a Social Security benefits eligibility determination. As set forth in Plaintiff's Third Motion to Amend, the SSA decided in August 2020 to suspend further payment of Social Security benefits to Plaintiff because he was "imprisoned for the Conviction of a Crime." (Dkt. 10-1 ¶ 7.) Sometime before this suspension, Plaintiff "got out" of the North Dakota Sex Offenders Program and "went" to the Minnesota Sex Offenders Program, causing his benefits to once again become suspended. (*See* Dkt. 5-1 ¶ 19.) Plaintiff claims that his benefits should not have been suspended because he is civilly committed, not imprisoned. (*See* Dkt. 10-1 ¶ 17.) On July 25, 2025, after Plaintiff filed his Third Motion to Amend, Defendants filed their

6

Request for Extension, notifying the Court that the SSA has extended a stipulation to Plaintiff for remand to the SSA so "an Administrative Law Judge would reverse the 2020 suspension of [Plaintiff's] benefits." (Dkt. 13 at 2-3.) Defendants requested a response from Plaintiff by August 15, 2025. (*Id.* at 2.)

Given the developments in the North Dakota action and the offer of a stipulation for remand of his 2020 SSA denial, it is unclear whether Plaintiff still wishes to pursue the instant case. To the extent this action seeks to reopen the North Dakota case, this action appears to be moot as that case has been reopened. The Court therefore orders Plaintiff to file, within 21 days of this Order's date, either 1) a Third Amended Complaint that reflects the current status of the North Dakota case and Defendants' proposed stipulation for remand, or 2) a voluntary dismissal of this action. The Court reminds Plaintiff that a Third Amended Complaint must comply with the Federal Rules of Civil Procedure, the District of Minnesota's Local Rules, and this Court's Orders. *See, e.g.*, *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives."); *Bennett v. Dr. Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002) (holding that pro se status does not entitle litigant to disregard Federal Rules of Civil Procedure or court's local rules); *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) ("[P]ro se litigants are not excused from failing to comply with substantive and procedural law.") (citation omitted). For example, any Third Amended Complaint must be complete in itself and not incorporate by reference any other filings in this case or other proceedings.

In light of this Order, Defendants' Request for Extension (Dkt. 13) is denied insofar as Defendants seek an extension of time until September 9, 2025 and granted insofar as Defendants' deadline to file an answer and/or Certified Administrative Record is extended until 21 days after Plaintiff's Third Amended Complaint (if any) is docketed on CM/ECF.

### III.   ORDER

Based on the above, and on the files, records, and proceedings herein, **IT IS ORDERED** that:

1.   Plaintiff Ricky A. S.'s "Motion to Amend Social Security Case No. 1:14-cv-141" (Dkt. 4) is **DENIED**;

2.   Plaintiff's "Motion to Amend and Re-Open Social Security Case No.: 1:14-CV-141" dated May 10, 2025 (Dkt. 5) is **DENIED** as moot;

3.   Plaintiff's "Motion to Amend and Re-Open Social Security Case No.: 1:14-CV-141" dated May 19, 2025 (Dkt. 10) is **GRANTED** insofar as the Court permits the Amendment and adopts the proposed Second Amended Complaint as the operative Complaint in this action and is otherwise **DENIED**;

4.   The Clerk of Court is **ORDERED** to separately docket the Proposed Amended Complaint at Docket Entry 10-1 as the Second Amended Complaint in this action;

5.   Within 21 days of this Order, Plaintiff is **ORDERED** to file either:

   a.   A Third Amended Complaint, that reflects the current status of the North Dakota case and Defendants' proposed stipulation for remand, or

      b.  A voluntary dismissal of this action.  *See* Fed. R. Civ. P. 41.

6.     Defendants Lynn Marten and Frank Bisignano's "Request for Extension of Time to Answer" (Dkt. 13) is **DENIED** insofar as Defendants seek an extension of time until September 9, 2025 and **GRANTED** insofar as Defendants' deadline to file an answer and/or Certified Administrative Record is extended until 21 days after Plaintiff's Third Amended Complaint (if any) is docketed on CM/ECF.

Dated: July 31, 2025                   *s/Elizabeth Cowan Wright*
                                         ELIZABETH COWAN WRIGHT
                                         United States Magistrate Judge